IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:18cv576

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>The real property at 6698 Dam Cove Road, )<br>Conover, North Carolina, more particularly )<br>described in a Warranty Deed to Lake )<br>Hickory Holdings, LLC filed in Catawba )<br>County on July 7, 2015 at Deed Book 03297 )<br>Pages 1458-1459; and )<br>)<br>)<br>The real property at 8102 Evanston Falls )<br>Road, Huntersville, North Carolina, more )<br>particularly described in a Warranty Deed to )<br>8102 Evanston Falls Road, LLC filed in )<br>Mecklenburg County on April 1, 2016 at )<br>Deed Book 30708 Pages 157-158. ) | **COMPLAINT FOR**<br>**FORFEITURE *IN REM*** |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

**INTRODUCTION**

1. This is a civil action *in rem* pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). Procedures for this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, 18 U.S.C. §§ 981,

1

983, 984, and 985, and the Federal Rules of Civil Procedure.

2. This action seeks the forfeiture of all right, title and interest in the above-captioned property because the property constitutes or is derived from proceeds of wire fraud and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in monetary transactions in violation of 18 U.S.C. §§ 1957. Specifically, as set forth more fully below, Robert M. Boston ("Boston") and Robert S. LaBarge ("LaBarge") defrauded investors in and franchisees and lenders of their company, Zloop, Inc., a purported electronic waste recycling company. As a result of the fraud, they obtained millions of dollars in fraud proceeds in accounts of Zloop. Of this amount, Boston and the entities that he controlled engaged in numerous transactions in violation of the money laundering laws, including transactions that ultimately resulted in the purchase of the two real properties identified for forfeiture herein.

3. This Court has jurisdiction over this action commenced by the United States under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a). The Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

4. This Court has venue pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district, the claim accrued in this district, and the defendant properties are located in this district.

5. The defendant is all present and future interest in the following property (hereafter collectively, "the Properties"):

    a. The real property at 6698 Dam Cove Road, Conover, North Carolina, located in Catawba County, North Carolina ("the Lake Hickory Property") and more particularly described in a Warranty Deed to Lake Hickory

2

         Holdings, LLC filed in Catawba County on July 7, 2015 at Deed Book 03297 Pages 1458-1459 (hereafter, "the Lake Hickory Property"). As described below, Boston purchased this property during the time-period of the fraud.

    b.     The real property at 8102 Evanston Falls Road, Huntersville, North Carolina, located in Mecklenburg County, North Carolina ("the Evanston Falls Property") and more particularly described in a Warranty Deed to 8102 Evanston Falls Road, LLC filed in Mecklenburg County on April 1, 2016 at Deed Book 30708 Pages 157-158. As described below, Boston purchased this property during the time-period of the fraud.

6.     On June 13, 2016, in Western District of North Carolina Case 3:16MC113, this Court issued an Order and Lis Pendens for the Lake Hickory Property. On June 16, 2016, the United States filed this Order and Lis Pendens in the Catawba County Clerk of Court. On December 5, 2016, in Western District of North Carolina Case 3:16MC218, this Court issued an Order and Lis Pendens for the Evanston Falls Road Property. On December 7, 2016, the United States filed this Order and Lis Pendens in the Mecklenburg County Register of Deeds.

7.     Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the Government will be able to meet its burden of proof at trial are as follows and have been verified by the attached Verification of United States Federal Bureau of Investigation Special Agent ("SA") Jacob R. Guffy.

## THE PERTINENT INDIVIDUALS AND ENTITIES

8. During the times set forth herein:

    a. Zloop, Inc. ("Zloop") was a Delaware corporation with its headquarters and principal place of business in Hickory, North Carolina. Zloop purported to be an electronic waste recycling company.

    b. Robert M. Boston ("Boston") was one of the two principal founders of Zloop. He served as Zloop's Chief Executive Officer and as a director of Zloop. On December 8, 2017, a Jury in the Western District of North Carolina found Boston guilty of wire fraud, conspiracy, substantive wire fraud, securities fraud, and conspiracy to commit money laundering, such convictions based on an Indictment charging offenses substantively the same as the offenses set forth herein.

    c. Robert S. LaBarge was one of the two principal founds of Zloop. He served as Zloop's Chief Marketing Officer and as a director of Zloop. On November 2, 2017, LaBarge pled guilty in the Western District of North Carolina to wire fraud conspiracy based on an Indictment charging offenses substantively the same as the offenses set forth herein and below.

    d. LaBarge and Boston controlled the day-to-day activities of Zloop.

    e. Victim 1 was an individual residing in Louisiana.

## OVERVIEW OF THE FRAUD

9. From in or about July 2012 through in or about August 2015, Boston and LaBarge defrauded franchisees, investors, and lenders of their company, Zloop. In addition to deceiving

4

their victims through false and misleading franchise and securities offering documents, Boston and LaBarge falsified documents to perpetuate their fraud. Through his role in the fraud, Boston obtained millions of dollars, much of which he spent on expensive personal real estate, a private plane, and the racing career of his son, Justin Boston.

## THE FRANCHISE MISSTATEMENTS AND OMISSIONS

10. For example, beginning in or about 2012 and at least through the dates of the transactions identified in this Complaint, Boston and Labarge engaged in various misstatements and offered to sell Zloop franchises using franchise disclosure documents which failed to disclose past litigation and bankruptcy.

11. Some of the misstatements and omissions included, but were not limited to, the following:

   a. In the course of its business, Zloop provided its customers with Certificates of Destruction, which purported to confirm that materials provided to Zloop had been destroyed in accordance with Zloop's procedures. Boston purported to notarize Certificates of Destruction on behalf of Zloop. At the time, however, he was not an authorized notary.

   b. In or about July 2012, shortly after its founding, Zloop began marketing franchise opportunities. On or about July 23, 2012, Zloop issued a press release announcing its franchise offerings, stating that it "anticipate[d] the opening of more than 100 franchises nationwide within the coming year and more than 455 by 2015."

12. Misstatements also included information in franchise disclosure documents.

13. Federal law requires a potential franchisor to provide a prospective franchisee with a franchise disclosure document. Under Item 3 of the franchise disclosure document, the franchisor must disclose certain litigation matters, including whether, in the 10-year period immediately before the disclosure document's issuance date, any director, trustee, general partner, principal officer, or any other person with management responsibility relating to the sale and operation of franchises had been held liable in a civil action involving allegations of fraud, unfair or deceptive practices, or comparable allegations.

14. Under Item 4 of the franchise disclosure document, the franchisor must disclose whether any officer or any other individual who had management responsibility relating to the sale and operation of franchises had filed bankruptcy or been a principal officer of a company that had a bankruptcy petition filed against it.

15. In or about 2012, Boston and LaBarge offered to sell Zloop franchises using franchise disclosure documents which failed to disclose the following facts:

   a. In or about July 2008, an involuntary bankruptcy petition was filed against Boston's former company, D.B. Concrete Construction, Inc. ("D.B. Concrete") and this bankruptcy was still pending as of 2012;

   b. In or about July 2010, Boston filed for personal bankruptcy;

   c. In or about April 2011, Boston was held liable in a civil action filed by a lender alleging that Boston "intentionally caused D.B. Concrete, through his direct actions, (i) to submit knowing[ly] false financial documentation to [the lender] in order to obtain a line of credit of $2.9 Million and to draw down on said line of credit and (ii) to engage in fraudulent check-writing activities that

6

resulted in a negative balance in D.B. Concrete's business account with [the lender];"

d. In or about June 2011, Douglas Forbes sued Boston and, in or about August 2012, Boston was held liable in that suit; and

e. In or about January 2012, Mothers Against Drunk Driving sued Boston for fraud, and, in or about May 2012, he was held liable in that suit.

16. Rather than disclosing material information as required, the Zloop franchise disclosure document falsely stated under Item 3, "There is no litigation that must be disclosed in this document." Moreover, in versions of the Zloop franchise disclosure document provided to prospective franchisees, Boston and LaBarge deleted Item 4 (Bankruptcy) entirely. LaBarge deleted references to Boston's personal bankruptcy at Boston's direction.

17. Using fraudulent versions of the Zloop franchise disclosure document, Boston and LaBarge offered to sell Zloop franchises to prospective franchisees, and did sell Zloop franchises to franchisees, including Victim 1 and others. Further, based on misstatements, Boston and LaBarge obtained what Victim 1 believed to be an equipment loan from Victim 1. However, instead of using Victim 1's funds as promised, Boston and LaBarge used the funds for the related party transactions identified in more detail below, including transactions to purchase the Properties.

### THE PURCHASES OF REAL ESTATE VIA MONEY THAT VICTIM 1 PROVIDED TO THE CONSPIRATORS FOR THE PURCHASE OF FRANCHISES AND EQUIPMENT

18. On or about October 30, 2012, after receiving a fraudulent franchise disclosure document, Victim 1 wired approximately $2,989,179 to Zloop, in part for the purchase of Zloop franchises. In November 2012, approximately two days after Zloop received a $2,989,179 wire from Victim 1, a $421,732.55 wire was transferred from the recipient Zloop account to a closing attorney and used to purchase a condominium at 333 W Trade Street, #2000, Charlotte, North Carolina. The condominium was titled to Carolina Trademark Trust, LLC, an entity for which Boston, his wife, Caron Boston, and his son, Justin Boston, were managing members. The $421,732.55 transaction was identified in Zloop QuickBooks as "Process Recycling Equipment." Then, in July 2015, Carolina Trademark Trust sold the condo for $442,740.50, distributed some of the sale proceeds from the closing attorney to Zloop and Boston, and used the remaining $268,969.35 of the sale proceeds to purchase the Lake Hickory Property in the name of Lake Hickory Holdings, LLC. According to public records, the officials for Lake Hickory Holdings were Boston, his wife, and his son. Lake Hickory Holdings, LLC, has no purpose other than to hold property purchased as a result of Boston's fraud.

19. Shortly after Victim 1 purchased franchises from Zloop, Victim 1 also provided a loan to Zloop in a principal amount of $3,500,000, and a repayment amount of $4 million. Boston represented that the loan was for the purchase by Zloop of equipment and appurtenances. On or about December 17, 2012, Victim 1 and Boston signed a promissory note reflecting this loan. On or about January 3, 2013, Victim 1 wired $1,800,000 to Zloop's account pursuant to the loan. In January 2013, a day after Victim 1 wired $1,800,000 to a Zloop account, Zloop

8

wired $323,944.50 from the same account to a title company for purchase of a condominium at 7824 Holiday Isle Drive, Unit 103, Orlando, Florida, in the name of Lake Conway Trust, LLC. The managing members of Lake Conway Trust were Boston, his wife, and his son. In March 2016, Lake Conway Trust sold the condominium for $350,107.10 and used the sale proceeds to purchase the Evanston Falls Property in the name of Evanston Falls Road, LLC, an entity managed by Boston's son. Evanston Falls Road, LLC has no purpose other than to hold property purchased as a result of Boston's fraud.

20. These related party transactions were mischaracterized in Zloop's books and records and were not disclosed to subsequent investors. As noted above, Boston was convicted at trial and LaBarge pled guilty to criminal offenses based on the allegations herein.

## **CONCLUSION**

21. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Properties vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become and is forfeitable to the United States.

WHEREFORE, the Government respectfully requests the Court that:

1. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

2. Judgment be entered declaring the Properties to be condemned and forfeited to the United States of America for disposition according to law; and

3. The United States be granted such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action, including but not

limited to the expenses of maintenance and protection of the Properties as required by 28 U.S.C. § 1921.

Respectfully submitted, this the 26th day of October, 2018.

        R. ANDREW MURRAY
        UNITED STATES ATTORNEY

        **s/ Benjamin Bain-Creed**
        Florida Bar # 0021436
        Assistant United States Attorney
        Suite 1650, Carillon Building
        227 West Trade Street
        Charlotte, North Carolina 28202
        Telephone: (704) 344-6222
        Email: benjamin.bain-creed@usdoj.gov

10

Case 3:18-cv-00576   Document 1   Filed 10/26/18   Page 10 of 11

STATE OF NORTH CAROLINA
COUNTY OF Catawba

## VERIFICATION

Jacob R. Guffey deposes and says under penalty of perjury:

I am a Special Agent with Federal Bureau of Investigation and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Jacob R. Guffey

STATE OF NORTH CAROLINA
COUNTY OF Catawba

I certify that Jacob R. Guffey personally appeared before me this day, acknowledging to me that he signed the foregoing document.

This the 25th day of October, 2018.

_____
Notary Public
My Commission Expires: 1/16/2019

[Notary Seal: KAY PHUAB YANG, NOTARY PUBLIC, CATAWBA COUNTY, NC, My Commission Expires 01-16-2019]